David Atlas (DA-0317)
HERNSTADT ATLAS LLP
11 Broadway, Suite 615
New York, New York 10004
Telephone: 212-809-2502
Fax: 212-214-0307

10 CIV 7862

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JUDGE SWAIN

REBECCA BATTINO,                              :

                Plaintiff,         :      10 Civ.   (   )

   v.                                         :

                               :

SAMBA STUDIOS, LLC, MARIO BOSCH,              :      COMPLAINT
APPLE INC., and JOHN DOES 1 through 10,       :

           Defendants.                    :      JURY TRIAL DEMANDED
-------------------------------------------------------------X

      Plaintiff Rebecca Battino, by and through her attorneys, Hernstadt Atlas LLP, as

and for her Complaint herein, states as follows:

## STATEMENT OF ACTION

      1.     This action arises out of Defendants' deliberate and completely

unauthorized use of photographs of Plaintiff prominently and recognizably in connection

with a downloadable application entitled "eXtreme Cam Girls," including the use of one

photograph of Plaintiff to advertise, promote and sell eXtreme Cam Girls.  By virtue of

Defendants' conduct, Plaintiff has commenced this action to seek redress for the

violations of her rights of privacy and publicity under Sections 50 and 51 of the New

York Civil Rights Law, and her rights under the Copyright Act, the Lanham Act and

under the New York General Business Law.

THE PARTIES

2.      Plaintiff is an individual and a citizen and resident of the State of New York, County of Nassau, with an address at 989 Clark Place, Woodmere, New York 11598.

3.      Upon information and belief, Defendant Samba Studios, LLC ("Samba Studios") is a limited liability company organized and existing under the laws of the State of Florida, and is a citizen of the State of Florida, with offices at 7600 SW 82nd Street, Apt J111, Miami, Florida 33143.

4.      Upon information and belief, Defendant Mario Bosch is an individual and a citizen and resident of the State of Florida, with an address at 7600 SW 82nd Street, Apt J111, Miami, Florida 33143. Further, upon information and belief, Bosch is a principal, officer or director of Defendant Samba Studios and personally participated in, directed and benefitted from the acts of copyright infringement and other wrongdoing alleged herein.

5.      Upon information and belief, Defendant Apple Inc., ("Apple") is a corporation organized and existing under the law of the state of California, and a citizen of the State of California, with offices at 1 Infinite Loop, Cupertino, CA 95014.

6.      Upon information and belief, Defendants John Does 1 through 10 are persons whose complete identities and addresses are not presently known to Plaintiff but who, upon information and belief, are directly involved in the events giving rise to the claims in this action. Further, upon information and belief, the identities of the Doe defendants are known to Defendants and include individuals and/or additional corporate entities that also were responsible for engaging in the acts complained of herein. With the

Court's permission, Plaintiff will amend this Complaint to identify the Doe defendants with more specificity once Defendants provide information in discovery from which Plaintiff can identify the precise individual(s) and/or corporate entities that were involved in the events at issue here.

      7.     The named Defendants and John Does 1 through 10 are collectively referred to herein as "Defendants." Upon information and belief, in engaging in the acts giving rise to this Complaint, some or all of the Defendants were and are acting with the express or implied authority of, approval and ratification of, and/or are the agent(s) for or on behalf of, each of the other Defendants, and some or all of the named Defendants herein were and are acting in concert with one or more of the others, and therefore are or may be jointly and severally liable to Plaintiff in this action.

JURISDICTION AND VENUE

      8.     This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, the Lanham Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1051 et seq., and under Sections 50 and 51 of the New York Civil Rights Law. The Court's jurisdiction is based upon federal questions and diversity of citizenship, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332(a)(1) and 1338(a). The Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367. The amount in controversy also exceeds the sum or value of $75,000, exclusive of interest and costs.

      9.     This Court has personal jurisdiction over Defendants on the grounds that, among other things, upon information and belief, Defendants have continuous, systematic and routine contacts with New York. The Court has personal jurisdiction over

3

Defendants for the additional reasons that, upon information and belief, Defendants, in person or through agents, among other things, (i) transact business within the State and contract to supply goods and services in the State; (ii) have committed tortious acts within the State; (iii) have committed tortious acts outside the State causing injury to Plaintiff within the State, and regularly do or solicit business, engage in persistent conduct, and derive substantial revenue from goods used or consumed, or services rendered, in the State (and through interstate commerce) and, further, should reasonably have expected their conduct as alleged herein to have consequences in the State. Defendants also have engaged in wrongful acts of infringement in New York by, among other things, reproducing, displaying, distributing, promoting, selling and advertising the eXtreme Application, which infringes the copyrights in and to Plaintiff's photographs.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because, among other things, a substantial part of the events giving rise to Plaintiff's claims herein occurred in this District.

## FACTS

11. Plaintiff is a nineteen-year old student and an aspiring model.

12. Several years ago, Plaintiff's home computer was hacked and a number of photographs of her, taken by her with a digital camera when she was approximately 16 years old, were stolen from her hard drive.

13. Plaintiff recently discovered that Defendants were prominently using a photograph of her (one of the images that was stolen from her computer when it was hacked) to advertise, promote, sell and otherwise exploit a downloadable application entitled "eXtreme Cam Girls" (the "eXtreme Application") through Apple iTunes on

4

Apple's iTunes App Store. The eXtreme Application contains a collection of adult-oriented, sexually explicit images of young girls in various stages of undress. Upon information and belief, no other image other than that of Plaintiff was used to advertise the eXtreme Application on iTunes or elsewhere.

14.      Plaintiff subsequently discovered that not only were Defendants using her image (in which Plaintiff has a personal, property and financial interest) to advertise, promote, sell and otherwise exploit the eXtreme Application, but that included within the eXtreme application were approximately ten other photographs of Plaintiff.

15.      Upon information and belief, by reason of Defendants' conduct, images of Plaintiff have reached millions of people as a result of their display and sale throughout the United States on iTunes, as well as worldwide via the Internet.

16.      Defendants never sought or obtained Plaintiff's permission to use her likeness or these photographs in any manner whatsoever.  The conduct of the Defendants as alleged in this Complaint was never authorized, licensed, permitted or ratified by Plaintiff.

17.      Upon information and belief, as a result of the Defendants' conduct, including but not limited to their deliberate misappropriation and exploitation of images of Plaintiff, Defendants have confused a substantial segment of the public by creating the false impression that the eXtreme Application, and the advertising and promotional campaign surrounding it, are related to, affiliated or associated with, or sponsored, endorsed or otherwise authorized by Plaintiff.

18.      Plaintiff has duly registered her copyright in and to the photograph that Defendants used to advertise the eXtreme Application, and her copyright to other

5

photographs of Plaintiff that Defendants, upon information and belief, have included and sold within the eXtreme Application, with the United States Copyright Office (VA 1-431-207). A true and complete copy of Plaintiff's certificate of registration is attached hereto and incorporated herein as Exhibit A.

COUNT ONE – COPYRIGHT INFRINGEMENT
(COPYRIGHT ACT 17 U.S.C. §§ 101 *ET SEQ.*)
AGAINST ALL DEFENDANTS

19.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20.     The photographs of Plaintiff at issue herein constitute original works and copyrightable subject matter pursuant to the Copyright Act, and have been registered with the United States Copyright Office and published in strict conformity with the Copyright Act and all laws governing copyrights.

21.     At all times relevant hereto, Plaintiff has been and still is the owner of all right, title and interest in and to the photographs of her at issue in this action, which have not been assigned, licensed or otherwise transferred to any of the Defendants or dedicated to the public.

22.     Upon information and belief, beginning in or about November 2009, Defendants, lacking any ownership, interest in or title to the photographs of Plaintiff at issue in this action, have infringed Plaintiff's copyright(s) by publishing, reproducing, displaying, manufacturing, distributing, promoting, advertising and offering for sale copies of such photographs in interstate commerce in connection with the eXtreme Application without Plaintiff's permission, license or consent.

23.     By knowingly publishing, reproducing, displaying, manufacturing, distributing, promoting, advertising and offering for sale Plaintiff's photographs without her permission in this manner, Defendants have brazenly infringed, and will continue to infringe, on Plaintiff's copyright(s) in and to the photographs.

24.     As a result of Defendants' unlawful conduct alleged above, Plaintiff has been and continues to be substantially injured and is entitled to the damages she has sustained and will sustain, and any gains, profits, advantages obtained by Defendants as a result of their unlawful acts. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff and will be established according to proof at trial.

25.     As a result of Defendants' unlawful conduct as set forth above, Plaintiff also has suffered and will continue to suffer immediate and irreparable injury for which there is no adequate remedy at law. Accordingly, Plaintiff is also entitled to a permanent injunction restraining Defendants, their agents and employees, and all persons acting in concert or participation with Defendants from any further use of her copyrighted images, including in connection with the eXtreme Application and the advertising and promotional campaign surrounding the eXtreme Application.

COUNT TWO – VIOLATION OF PLAINTIFF'S RIGHT OF PRIVACY
AND PUBLICITY UNDER THE NEW YORK CIVIL RIGHTS LAW
(N.Y. CIVIL RIGHTS LAW §§ 50, 51)
AGAINST ALL DEFENDANTS

26.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27.     Defendants' use of Plaintiff's image in such a prominent manner to advertise and promote the eXtreme Application, and their use of other of images of

7

Plaintiff as part of the eXtreme Application, is strictly a commercial use for trade or advertising purposes, and has no public interest, news or historical value.

28.     Defendants knowingly and intentionally, used, published, displayed, sold, disseminated and otherwise exploited images of Plaintiff, within the State of New York, throughout the United States and internationally, for purposes of advertising and trade, in connection with the eXtreme Application.

29.     Defendants never sought or obtained Plaintiff's consent (written or otherwise) to use images of her in this manner or in any other manner whatsoever, nor was Defendants' conduct in this regard authorized, licensed, permitted or ratified by Plaintiff in any other manner.

30.     Defendants' conduct as alleged above constitutes unauthorized use of Plaintiff's portrait or picture for advertising purposes or for the purposes of trade in violation of N.Y. Civ. Rights Law §§ 50 and 51.

31.     Defendants' actions as alleged above were deliberate, willful and in conscious disregard of Plaintiff's rights.

32.     As a result of Defendants' unlawful conduct alleged above, Plaintiff has been and continues to be substantially injured and is entitled to the damages she has sustained and will sustain, and any gains, profits, advantages obtained by Defendants as a result of their unlawful acts. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff and will be established according to proof at trial but in no event are less than $1,000,000. Plaintiff also is entitled to punitive damages in an amount to be determined at trial, as permitted by law.

33.     As a result of Defendants' unlawful conduct as set forth above, Plaintiff

also has suffered and will continue to suffer immediate and irreparable injury for which

there is no adequate remedy at law.  Accordingly, Plaintiff is also entitled to a permanent

injunction restraining Defendants, their agents and employees, and all persons acting in

concert or participation with Defendants from any further use of images of her, including

in connection with eXtreme Application and the advertising and promotional campaign

surrounding the eXtreme Application.

COUNT THREE – VIOLATION OF THE LANHAM ACT
(LANHAM ACT 15 U.S.C. §1125(A))
AGAINST ALL DEFENDANTS

34.     Plaintiff repeats and realleges the allegations contained in paragraphs 1

through 33 of this Complaint as though fully set forth herein.

35.     By deliberately misappropriating and publishing images of Plaintiff as set

forth above, including prominently using Plaintiff's image as the sole image in

connection with their advertising in commerce of the eXtreme Application, Defendants

knowingly and intentionally marketed the eXtreme Application in a deceptive manner

that was likely to mislead consumers into believing the eXtreme Application was

sponsored or approved by Plaintiff when it is not.

36.     By their conduct as set forth herein, Defendants have likely confused and

will continue to confuse consumers by creating the false and misleading impression that

the eXtreme Application and its advertising campaign, with the inclusion of images of

Plaintiff, are related to, affiliated or associated with, or sponsored, endorsed, approved or

otherwise somehow authorized by Plaintiff.  Indeed, friends and acquaintances of

9

Plaintiff that recognized her from the eXtreme Application questioned why Plaintiff would permit her image to be associated with such a product.

37.     Defendants' activities as alleged above constitute a false endorsement and false designation of origin in violation of Section 43(a) of the Lanham Act

38.     Defendants' actions as alleged above were deliberate, willful and in conscious disregard of Plaintiff's rights.

39.     As a result of Defendants' unlawful conduct alleged above, Plaintiff has been and continues to be substantially injured and is entitled to the damages she has sustained and will sustain, and any gains, profits, advantages obtained by Defendants as a result of their unlawful acts. Plaintiff's damages include, but are not limited to, the diminution in value and marketability of her image for modeling and other professional purposes. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff and will be established according to proof at trial. Plaintiff also is entitled to treble damages, punitive damages in an amount to be determined at trial, and Plaintiff's costs and attorneys' fees as permitted by law.

40.     As a result of Defendants' unlawful conduct as set forth above, Plaintiff also has suffered and will continue to suffer immediate and irreparable injury for which there is no adequate remedy at law. Accordingly, Plaintiff is also entitled to a permanent injunction restraining Defendants, their agents and employees, and all persons acting in concert or participation with Defendants from any further use of images of her, including in connection with the eXtreme Application and the advertising and promotional campaign surrounding the eXtreme Application.

COUNT FOUR – VICARIOUS COPYRIGHT INFRINGEMENT
(COPYRIGHT ACT 17 U.S.C. §§ 101 *ET SEQ.*)
AGAINST DEFENDANTS APPLE INC. AND BOSCH

41.     Plaintiff repeats and realleges the allegations contained in paragraphs 1
through 40 of this Complaint as though fully set forth herein.

42.     Defendant Apple Inc. operates and controls iTunes and the App Store
through which the eXtreme Application, depicting and containing images of Plaintiff,
was advertised, promoted, distributed and sold.

43.     Upon information and belief, Defendant Apple Inc. exercises the right and
ability to supervise and control every application advertised, promoted, sold and
otherwise exploited through its iTunes App Store, including the eXtreme Application.
Further, upon information and belief, Defendant Apple Inc. not only derives profits from
the advertisement, promotion, sale and other exploitation of applications such as the
eXtreme Application, but also enjoys the benefit of being the exclusive provider of such
applications for, among other things, its iPhone and iPod Touch product lines.

44.     Upon information and belief, Defendant Bosch operates and controls
Defendant Samba Studios, which created, licensed, distributed, sold, advertised,
promoted and otherwise exploited the eXtreme Application.

45.     Upon information and belief, Defendant Bosch, at all times relevant
hereto, exercised the right and ability to supervise and control every application created,
advertised, promoted, sold and otherwise exploited through Samba Studios, including but
not limited to the eXtreme Application. Further, upon information and belief, Defendant
Bosch personally derived profits from the creation, advertisement, promotion, sale and
other exploitation of the eXtreme Application.

11

46.     The conduct of Defendants Apple Inc. and Bosch as set forth above gives rise to vicarious liability for the acts of copyright infringement described above.

47.     As a result of the unlawful conduct of Defendants Apple Inc. and Bosch as alleged above, Plaintiff has been and continues to be substantially injured and is entitled to the damages she has sustained and will sustain, and any gains, profits, advantages obtained by these Defendants as a result of their unlawful acts. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff and will be established according to proof at trial.

48.     As a result of the unlawful conduct of Defendants Apple Inc. and Bosch as alleged above, Plaintiff also has suffered and will continue to suffer immediate and irreparable injury for which there is no adequate remedy at law. Accordingly, Plaintiff is also entitled to a permanent injunction restraining these Defendants, their agents and employees, and all persons acting in concert or participation with these Defendants from any further use of her copyrighted images, including in connection with the eXtreme Application and the advertising and promotional campaign surrounding the eXtreme Application.

COUNT FIVE – UNFAIR COMPETITION
(N.Y. GENERAL BUSINESS LAW § 349)
AGAINST ALL DEFENDANTS

49.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 48 above.

50.     By deliberately advertising, promoting, selling and otherwise exploiting images of Plaintiff in connection with the eXtreme Application and, thereby, among other things, enhancing Defendants' goodwill, business reputation and finances at Plaintiff's

expense, Defendants, among other things, knowingly and willfully confused and misled millions of consumers by creating the false impression that the eXtreme Application and the advertising for the eXtreme Application were related to, affiliated or associated with, or sponsored, endorsed, approved or otherwise somehow authorized by Plaintiff.

51.     Defendants' conduct as alleged above was intended, among other things, to misappropriate Plaintiff's personal and property rights and to unlawfully trade upon Plaintiff's image and her copyrighted original images, and it was committed with conscious disregard for Plaintiff's rights.

52.     Defendants' conduct as alleged above constitutes unfair competition under the laws of the State of New York.

53.     As a result of Defendants' unlawful conduct alleged above, Plaintiff has been and continues to be substantially injured and is entitled to the damages she has sustained and will sustain, and any gains, profits, advantages obtained by Defendants as a result of their unlawful acts. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff and will be established according to proof at trial.

54.     As a result of Defendants' unlawful conduct as set forth above, Plaintiff also has suffered and will continue to suffer immediate and irreparable injury for which there is no adequate remedy at law. Accordingly, Plaintiff is also entitled to a preliminary and permanent injunction restraining Defendants, their agents and employees, and all persons acting in concert or participation with Defendants from any further use of her image, including in connection with the eXtreme Application and the advertising and promotional campaign surrounding the eXtreme Application.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the following relief:

A)    On Count One:

1.    That Defendants be held to have infringed Plaintiff's copyright(s);

2.    That the Court find a substantial likelihood that Defendants will continue to infringe Plaintiff's copyright(s) unless enjoined from doing so;

3.    That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be permanently enjoined from directly or indirectly infringing Plaintiff's copyright(s) or continuing to market, offer, sell, dispose of, display, license, transfer, advertise, market, promote, develop, manufacture or otherwise exploit any works derived or copied from Plaintiff's copyrighted images or to participate or assist in such activity;

4.    That judgment be entered for Plaintiff and against Defendants for Plaintiff's actual damages according to proof, and for Defendants' profits attributable to infringement of Plaintiff's copyright(s), in accordance with proof, plus interest;

5.    That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and their violations of law;

6.    That all gains, profits, and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiff and that Plaintiff be awarded such amount, plus interest;

7.    That Plaintiff have judgment against Defendants for Plaintiff's costs as permitted by law; and

8.     That the Court grant to Plaintiff such other and further relief as the Court may deem just and proper.

B)     On Count Two:

1.     That the Court find a substantial likelihood that Defendants have violated Plaintiff's rights of privacy and publicity under New York law and will continue to do so unless enjoined from doing so;

2.     That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be permanently enjoined from directly or indirectly using images of Plaintiff in connection with the eXtreme Application and the advertising and promotion of the same, or continuing to market, offer, sell, dispose of, display, license, transfer, advertise, market, promote, develop, manufacture or otherwise exploit the eXtreme Application, or any other application, containing images of Plaintiff, or to participate or assist in such activity;

3.     That judgment be entered for Plaintiff and against Defendants for Plaintiff's actual damages according to proof, but in an amount not less than $1,000,000, attributable to Defendants' violation of Plaintiff's rights of privacy and publicity under New York law;

4.     That Defendants be required to account for all gains, profits, and advantages derived from their misappropriation of images of Plaintiff and violation of her rights of privacy and publicity under New York law;

15

5. That all gains, profits, and advantages derived by Defendants from their unlawful acts be deemed to be held in constructive trust for the benefit of Plaintiff and that Plaintiff be awarded such amount, plus interest;

6. That Plaintiff have judgment against Defendants for punitive damages in an amount to be determined at trial, and Plaintiff's costs as permitted by law; and

7. That the Court grant to Plaintiff such other and further relief as the Court may deem just and proper.

C) On Count Three:

1. That the Court find a substantial likelihood that Defendants have violated and will continue to violate Plaintiff's rights under Section 43(a) of the Lanham Act unless enjoined from doing so;

2. That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be preliminarily and permanently enjoined from directly or indirectly using images of Plaintiff in connection with the eXtreme Application and the advertising and promotion of the same, or continuing to market, offer, sell, dispose of, display, license, transfer, advertise, market, promote, develop, manufacture or otherwise exploit the eXtreme Application, or any other application containing images of Plaintiff, or to participate or assist in such activity;

3. That judgment be entered for Plaintiff and against Defendants for Plaintiff's actual damages according to proof, and for Defendants' profits attributable to Defendants' violation of the Lanham Act, in accordance with proof, plus interest;

4.     That Defendants be required to account for all gains, profits, and advantages derived from their unlawful acts in violation of Plaintiff's rights under the Lanham Act;

5.     That all gains, profits, and advantages derived by Defendants from their unlawful acts be deemed to be held in constructive trust for the benefit of Plaintiff and that Plaintiff be awarded such amount, plus interest;

6.     That Plaintiff have judgment against Defendants for treble damages, punitive damages in an amount to be determined at trial, and Plaintiff's costs and attorneys' fees as permitted by law; and

7.     That the Court grant to Plaintiff such other and further relief as the Court may deem just and proper.

D)     <u>On Count Four</u>:

1.     That Defendants be held to have vicariously infringed Plaintiff's copyright(s);

2.     That the Court find a substantial likelihood that Defendants will continue to infringe Plaintiff's copyright(s) unless enjoined from doing so;

3.     That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be permanently enjoined from directly or indirectly infringing Plaintiff's copyright(s) or continuing to market, offer, sell, dispose of, display, license, transfer, advertise, market, promote, develop, manufacture or otherwise exploit any works derived or copied from Plaintiff's copyrighted images or to participate or assist in such activity;

4.      That judgment be entered for Plaintiff and against Defendants for Plaintiff's actual damages according to proof, and for Defendants' profits attributable to infringements of Plaintiff's copyright(s), in accordance with proof, plus interest;

5.      That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and their violations of law;

6.      That all gains, profits, and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiff and that Plaintiff be awarded such amount, plus interest;

7.      That Plaintiff have judgment against Defendants for Plaintiff's costs as permitted by law; and

8.      That the Court grant to Plaintiff such other and further relief as the Court may deem just and proper.

E)      On Count Five:

1.      That Defendants be held to have violated Plaintiff's rights under the Section 349 of the New York General Business Law;

2.      That judgment be entered for Plaintiff and against Defendants for Plaintiff's actual damages according to proof, and for Defendants' profits attributable to their violations of law, in accordance with proof, plus interest;

3.      That Defendants be required to account for all gains, profits, and advantages derived from their violations of law;

4.      That all gains, profits, and advantages derived by Defendants from their violations of law be deemed to be held in constructive trust for the benefit of Plaintiff and that Plaintiff be awarded such amount, plus interest;

18

5.     That Plaintiff have judgment against Defendants for Plaintiff's costs as permitted by law; and

6.     That the Court grant to Plaintiff such other and further relief as the Court may deem just and proper.

JURY TRIAL

Plaintiff demands a trial by jury.

Dated: New York, New York
       October 14, 2010

HERNSTADT ATLAS  LLP

By:
David Atlas (DA-0817)
11 Broadway, Suite 615
New York, New York 10004
212-809-2502

19